# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALLEN HOGUE,<br><br>Plaintiff,<br><br>v.<br><br>KELLY HARRINGTON, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00942-EPG (PC)<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT; OR,**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Robert Allen Hogue is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 14, 2017, which is now before this Court for screening. (ECF No. 1.) Plaintiff claims he was removed from a trade program and transferred for the purpose of involuntary placement in a punitive mental health treatment program. *Id.*

For the reasons described below, this Court has found that Plaintiff's complaint fails to state a claim under the relevant legal standards. Plaintiff now has the option of either (1)

1

amending his complaint to add facts that could state a claim with the guidance of this order; or (2) notify the Court that he wishes to stand on this complaint, in which case the Court will recommend to the District Judge that his case be dismissed consistent with this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

1  **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff names the following defendants in this action: State of California; Kelly Harrington, Director of California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Institutions; Millicent Tidwell, Director of CDCR Division of Rehabilitative Program ("DRP"); B. DaVeiga, Manager of California Substance Abuse Treatment Facility and State Prison ("SATF") DRP Rehabilitative Programs; B. Mason, LCSW, Manager of SATF Cognitive Behavioral Intervention for Sex Offenders Pilot Program ("CBI-SO"); K. Longden, CSW, SATF CBI-SO; K. Clayton, CSW, SATF CBI-SO; and T. Eng, CSW, SATF CBI-SO. *Id.*

Plaintiff alleges that on March 7, 2016, Kelly Harrington and Millicent Tidwell issued a memorandum to all department heads, wardens, and classification staff representatives within CDCR. *Id.* at 5. The memorandum cites the activation of the Cognitive Behavioral Intervention for Sex Offenders Pilot Program. *Id.* The program effectively creates a new mental health facility within the CDCR referred to as SATF Level II. *Id.* Inmates who are deemed eligible for CBI-SO based on the requirement to register pursuant to California Penal Code § 290 are removed from whatever job, trade, or education program that the inmate is participating in at the time of being targeted for the program. *Id.* at 5-6. The inmate is transferred and involuntarily committed to mental health treatment without any diagnosis, prior history of a mental disorder, or court order authorizing any such involuntary treatment. *Id.* at 6.

Plaintiff further alleges that the implementation of CBI-SO in its current form is by its definition, structure, and procedures an involuntary mental health treatment. *Id.* The program is also punitive in nature because it is a mandatory placement under threat of disciplinary action that may impact an inmate's release dated in a negative manner. *Id.* Plaintiff contends that CBI-SO violates his right to due process and access to the courts. *Id.* at 5, 7. Plaintiff seeks an injunction requiring CDCR to cease operations of CBI-SO, and barring his mental health treatment until the legality of the involuntary nature of CBI-SO is established. *Id.* at 7.

**III.    DISCUSSION**

**A.  ELEVENTH AMENDMENT IMMUNITY**

Plaintiff names the State of California as a defendant. However, the Eleventh

Amendment bars federal lawsuits brought against states. *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 988-89 (9th Cir. 2014); *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against the State of California.

### B. SECTION 1983 LIABILITY

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Plaintiff fails to allege any act or omission by B. DaVeiga, B. Mason, K. Longden, K. Clayton, and T. Eng that deprived him of any rights. Thus, Plaintiff fails to state a claim against these Defendants. Plaintiff has, however, alleged acts by Kelly Harrington and Millicent Tidwell sufficient to pass the § 1983 threshold requirement, which are addressed below.

### C. PLAINTIFF'S FIRST AMENDMENT CLAIM

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011); *Bounds v. Smith*, 430 U.S. 817, 824–25 (1977). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is

limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351.

Plaintiff claims that his mandatory placement in CBI-SO is punitive in nature and, thus, violates his right to access to the courts. However, Plaintiff does not allege that any defendant impeded his ability to litigate his grievances or that he suffered an actual injury as a result of any interference. Therefore, Plaintiff fails to state a claim for denial of access to the courts.

### D. PLAINTIFF'S DUE PROCESS CLAIMS

#### i. Legal Standard

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake." *Coakley v. Murphy*, 884 F.2d 1218, 1220 (9th Cir.1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

"[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. Further, prisoners have no liberty interest in participation in vocational or trade programs. *See Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir.1985) (finding that due process procedural protections were not triggered where prisoner was reassigned out of a vocational course and transferred to a different prison).

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin*, 515 U.S. at 481-84. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The United States Court of Appeals for the Ninth Circuit has found that the classification of an inmate as a sex offender is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997) (quoting *Sandin*, 515 U.S. at 482). In *Neal*, the Hawaii legislature created a Sex Offender Treatment Program ("SOTP"), which required prisoners identified as "sex offenders" to participate in a twenty-five session psychoeducational treatment program in order to become eligible for parole. *Id.* at 822. The statute defined "sex offenders" as someone "having been convicted, at any time, of any sex offense or [who] engaged in sexual misconduct during the course of an offense." *Id.* Two prisoners challenged the statute, arguing that it violated their due process rights.

The Ninth Circuit found that the statute implicated a liberty interest, stating, "[t]he classification of an inmate as a sex offender is precisely the type of 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' that the Supreme Court held created a protected liberty interest." *Id.* at 829 (quoting *Sandin*, 515 U.S. at 482). The Court reasoned that "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections." *Id.* at 830.

The Court determined that the prisoners were constitutionally entitled to all of the process due under the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539(1974). *Id.* However, the Court found that one of the prisoners had already received all the process to which he was entitled. *Id.* at 831. The Court reasoned that because the prisoner had been convicted of a sexual offense in a prior adversarial setting, prison officials need only notify the inmate that he has been classified as a sex offender to satisfy the minimum protections required by due process. *Id.* at 831.

### ii. Analysis

The Court finds that Plaintiff's complaint fails to state a cognizable due process claim against Defendants Kelly Harrington and Millicent Tidwell. First, Plaintiff maintains that he

was "summarily removed from a productive trade program and transferred." Plaintiff, however, has no constitutional right to participate in any job, trade, or educational program. Plaintiff also has no constitutional right to be housed at a particular prison facility, even one with more favorable conditions of confinement. Thus, Plaintiff has failed to allege a due process violation in his transfer and removal from a trade program.

Second, Plaintiff alleges that he has been placed in an involuntary treatment program for prisoners "who are deemed answerable to eligibility criteria who's single relevant factor is that of [California Penal Code § 290] registration requirement." (ECF No. 1 at 5.) Plaintiff further alleges that he is forced to participate in the program under threat of disciplinary actions that could negatively impact his release date. Plaintiff's allegations are similar to those evaluated by the Ninth Circuit in *Neal v. Shimoda*, which held that being part of the sex offender registry was a sufficient basis to compel an inmate to enter mental health treatment designed for sex offenders. Thus, as alleged, he has received the minimum protections required by due process in these circumstances.

Plaintiff has failed to allege that the minimum requirements of due process were not satisfied prior to his enrollment in the mandatory treatment program. Accordingly, based solely on what is alleged, the Court cannot conclude that any of the Defendants named violated Plaintiff's due process rights.

### IV.   CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days, if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556

U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on this complaint, in which case the Court will issue findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00942-EPG;

4. Alternatively, within thirty days from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on this complaint, subject to this Court issuing

findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim; and

    5. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on this complaint within 30 days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge, recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **December 4, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE