**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ALLEN HOGUE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00942-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER**<br><br>(ECF Nos. 1, 9)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

### I. BACKGROUND

Robert Allen Hogue ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 14, 2017, Plaintiff commenced this action by the filing of a Complaint alleging that he was removed from a trade program and transferred to another institution of confinement for the purpose of involuntary placement in a punitive mental health treatment program in violation of the First and Fourteenth Amendments. *Id.*

On December 4, 2017, the Court screened the Complaint and found that it fails to state a claim upon which relief could be granted. (ECF No. 9). Specifically, the Court found that Plaintiff fails to allege that the minimum requirements of due process were not satisfied prior to his enrollment in the mandatory treatment program, fails to allege that any defendant impeded his ability to litigate his grievances, and seeks monetary relief against a defendant who is

1

immune from such relief. *Id.* The Court gave Plaintiff thirty days from the date of service of the screening order to file an amended complaint or to notify the Court that he wishes to stand on the Complaint, subject to findings and recommendations to the district judge consistent with the screening order. *Id.* The Court also warned Plaintiff that failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint could result in the dismissal of this case. *Id.* at 9. The thirty-day period has expired, and Plaintiff has not filed an amended complaint or notified the Court that he wishes to stand on the Complaint.

For the reasons described below, the Court recommends that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute. Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff names the following defendants in this action: State of California; Kelly Harrington, Director of California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Institutions; Millicent Tidwell, Director of CDCR Division of Rehabilitative Program ("DRP"); B. DaVeiga, Manager of California Substance Abuse Treatment Facility and State Prison ("SATF") DRP Rehabilitative Programs; B. Mason, LCSW, Manager of SATF Cognitive Behavioral Intervention for Sex Offenders Pilot Program ("CBI-SO"); K. Longden, CSW, SATF CBI-SO; K. Clayton, CSW, SATF CBI-SO; and T. Eng, CSW, SATF CBI-SO. (ECF No. 1).

Plaintiff alleges that on March 7, 2016, Kelly Harrington and Millicent Tidwell issued a memorandum to all department heads, wardens, and classification staff representatives within CDCR. *Id.* at 5. The memorandum cites the activation of the Cognitive Behavioral Intervention for Sex Offenders Pilot Program. *Id.* The program effectively creates a new mental health facility within the CDCR referred to as SATF Level II. *Id.* Inmates who are deemed eligible for CBI-SO based on the requirement to register pursuant to California Penal Code § 290 are removed from whatever job, trade, or education program that the inmate is participating in at the time of being targeted for the program. *Id.* at 5-6. The inmate is transferred and involuntarily committed to mental health treatment without any diagnosis, prior history of a mental disorder, or court order authorizing any such involuntary treatment. *Id.* at 6.

Plaintiff further alleges that the implementation of CBI-SO in its current form is by its definition, structure, and procedures an involuntary mental health treatment. *Id.* The program is also punitive in nature because it is a mandatory placement under threat of disciplinary action that may impact an inmate's release dated in a negative manner. *Id.* Plaintiff contends that CBI-SO violates his right to due process and access to the courts. *Id.*at 5, 7. Plaintiff seeks an injunction requiring CDCR to cease operations of CBI-SO, and barring his mental health treatment until the legality of the involuntary nature of CBI-SO is established. *Id.*at 7.

**IV. DISCUSSION**

**A. Eleventh Amendment Immunity**

Plaintiff names the State of California as a defendant. However, the Eleventh Amendment bars federal lawsuits brought against states. *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 988-89 (9th Cir. 2014); *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against the State of California.

**B. Section 1983 Liability**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

4

Plaintiff fails to allege any act or omission by B. DaVeiga, B. Mason, K. Longden, K. Clayton, and T. Eng that deprived him of any rights. Thus, Plaintiff fails to state a claim against these Defendants. Plaintiff has, however, alleged acts by Kelly Harrington and Millicent Tidwell sufficient to pass the § 1983 threshold requirement, and claims against those defendants are addressed below.

### C. Plaintiff's First Amendment Claim

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011); *Bounds v. Smith*, 430 U.S. 817, 824–25 (1977). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351.

Plaintiff claims that his mandatory placement in CBI-SO is punitive in nature and, thus, violates his right to access to the courts. However, Plaintiff does not allege that any defendant impeded his ability to litigate his grievances or that he suffered an actual injury as a result of any interference. Therefore, Plaintiff fails to state a claim for denial of access to the courts.

### D. Plaintiff's Due Process Claims

#### i. Legal Standard

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake." *Coakley v. Murphy*, 884 F.2d 1218, 1220 (9th Cir.1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

5

"[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. Further, prisoners have no liberty interest in participation in vocational or trade programs. *See Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir.1985) (finding that due process procedural protections were not triggered where prisoner was reassigned out of a vocational course and transferred to a different prison).

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin*, 515 U.S. at 481-84. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The United States Court of Appeals for the Ninth Circuit has found that the classification of an inmate as a sex offender is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997) (quoting *Sandin*, 515 U.S. at 482). In *Neal*, the Hawaii legislature created a Sex Offender Treatment Program ("SOTP"), which required prisoners identified as "sex offenders" to participate in a twenty-five session psychoeducational treatment program in order to become eligible for parole. *Id.* at 822. The statute defined "sex offenders" as someone "having been convicted, at any time, of any sex offense or [who] engaged in sexual misconduct during the course of an offense." *Id.* Two prisoners challenged the statute, arguing that it violated their due process rights.

The Ninth Circuit found that the statute implicated a liberty interest, stating, "[t]he classification of an inmate as a sex offender is precisely the type of 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' that the Supreme Court held created a protected liberty interest." *Id.* at 829 (quoting *Sandin*, 515 U.S. at 482). The Court reasoned that "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of

deprivations of liberty that require procedural protections." *Id.* at 830.

The Court determined that the prisoners were constitutionally entitled to all of the process due under the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539(1974). *Id.* However, the Court found that one of the prisoners had already received all the process to which he was entitled. *Id.* at 831. The Court reasoned that because the prisoner had been convicted of a sexual offense in a prior adversarial setting, prison officials need only notify the inmate that he has been classified as a sex offender to satisfy the minimum protections required by due process. *Id.* at 831.

### ii. Analysis

First, Plaintiff maintains that he was "summarily removed from a productive trade program and transferred." Plaintiff, however, has no constitutional right to participate in any job, trade, or educational program. Plaintiff also has no constitutional right to be housed at a particular prison facility, even one with more favorable conditions of confinement. Thus, Plaintiff has failed to allege a due process violation in his transfer and removal from a trade program.

Second, Plaintiff alleges that he has been placed in an involuntary treatment program for prisoners "who are deemed answerable to eligibility criteria who's single relevant factor is that of [California Penal Code § 290] registration requirement." (ECF No. 1 at 5.) Plaintiff further alleges that he is forced to participate in the program under threat of disciplinary actions that could negatively impact his release date. Plaintiff's allegations are similar to those evaluated by the Ninth Circuit in *Neal v. Shimoda*, which held that being part of the sex offender registry was a sufficient basis to compel an inmate to enter mental health treatment designed for sex offenders. Thus, as alleged, he has received the minimum protections required by due process in these circumstances.

Plaintiff has failed to allege that the minimum requirements of due process were not satisfied prior to his enrollment in the mandatory treatment program. Accordingly, based solely on what is alleged, the Court cannot conclude that any of the Defendants violated Plaintiff's due process rights.

### E. Failure to Prosecute and to Comply with a Court Order

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint that is causing delay. The Court found that the Complaint fails to state a claim approximately four months ago. The case is now stalled until Plaintiff files an amended complaint or notifies the Court that he wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.* Thus, after weighing the factors, the Court finds that dismissal with prejudice is appropriate.

### V. CONCLUSION AND RECOMMENDATIONS

The Court screened the Complaint, and recommends finding that it fails to state a claim

under the relevant legal standards. Furthermore, Plaintiff has failed to comply with the screening order, which directed him to file an amended complaint or notify the Court that he wishes to stand on the Complaint. Plaintiff has failed to timely file an amended complaint, and has not otherwise prosecuted this action.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983,[1] as well as Plaintiff's failure to comply with a Court order and failure to prosecute; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 3, 2018**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In this Court's opinion, this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).